# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MALCOM GRAY,

    Plaintiff,

v.

GREG COX, *et al*.,

    Defendants.

Case No. 2:15-cv-00069-LDG (GWF)

**ORDER**

    The plaintiff, Malcom Gray, brought this action alleging a First Amendment freedom of religion claim against the defendant, Warden Dwight Neven. Neven now moves for summary judgment (ECF No. 21), which Gray opposes (ECF No. 25). Having reviewed the pleadings and papers, as well as the admissible evidence, the Court will grant the defendant's motion for summary judgment.

<u>Motion for Summary Judgment</u>

    In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir.

2012).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim.  *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id.*, at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Background

In his complaint, Gray alleged that on Saturday, October 26, 2013, he was in the High Desert State Penitentiary Chapel attending services.  During the services, a corrections officer ordered him to leave the services and to report to work.  In response to Gray's request, the corrections officer asserted the decision was being made by a sergeant or a lieutenant.  He asserts this violated a central tenet of his religion, namely a proscription against work on the Sabbath day.

The following day, Gray filed a grievance asserting his right to practice his religion was violated by the order to leave the services.  Neven denied the grievance.

Analysis

Neven argues that the prison's records indicate that Gray was not scheduled for work duty on October 26, 2013, but was on the call out to attend chapel services.  As such,

he argues that there is a lack of any evidence that Gray was required to work on October 26, 2013.

Neven further argues that, even assuming Gray was at chapel services, and was instructed to leave the services and report to work, Gray cannot maintain a freedom of religion claim against him because (a) Gray cannot show Neven personally participated in the alleged violation, (b) Gray cannot show Neven is liable as a supervisor for the actions of the officers who required Gray to leave the services and report to work, (c) Gray cannot show that he was subjected to a "substantial burden" upon the practice of his religion, (d) Gray cannot show that a prohibition against working on the Sabbath day was a central tenet of Gray's religious beliefs at the time of the alleged incident, (e) Gray was provided a suitable alternative to practicing his religion, and (f) Neven is entitled to qualified immunity.

Assuming Gray was ordered to leave a religious service on his Sabbath day, and to work on that date, and further assuming that a central tenet of Gray's religious belief was a proscription against performing any work on the Sabbath day, his claim fails because he has not shown that the events of October 26, 2013, constituted a substantial burden on his practice of his religion. Gray was ordered to leave one service, and to perform work on a single day that Gray identifies as his Sabbath day. This single incident does not constitute a substantial burden on Gray's right to practice his religion.

Further, even assuming the requirement to leave the religious service and to instead report to work duty on October 26, 2013, constituted a substantial burden of Gray's right to practice his religion, Gray has not shown (a) that Neven personally participated in the alleged violation, (b) or that Neven is liable as a supervisor for the alleged violation. Neven's denial of Gray's grievance does not establish that he was personally involved in the actions of the correctional officers who made the decision to have Gray leave the religious services and instead report to work. Further, to show that Neven is liable as a supervisor, Gray has the burden of showing that Neven knew or reasonably should have

4

known that his subordinates were engaging in a constitutional deprivation of Gray's right to practice his religion.  He has not done so.  Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendant Warden Dwight Neven's Motion for Summary Judgment (#21) is GRANTED.  The Clerk of the Court shall enter Judgment in favor of the defendant.

DATED this 8 day of March, 2017.

_____
Lloyd D. George
United States District Judge